# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARTIN JACKSON,

       Plaintiff,             :         Case No. 3:07-cv-391

    -vs-                                   Magistrate Judge Michael R. Merz

                              :

INTERNATIONAL FIBER
 CORPORATION,

       Defendant.

## PROVISIONAL DECISION AND ORDER DENYING
## PLAINTIFF'S MOTION TO VACATE

This case is before the Court on Plaintiff's Motion to Vacate under Fed. R. Civ. P. 60(b)(2) (Doc. No. 45).

The Court entered judgment in this case on January 16, 2009 (Doc. No. 39). Plaintiff filed a timely Notice of Appeal from that judgment on February 2, 2009, and the Sixth Circuit assigned the appeal Case No. 09-3126. A check of the docket of that court shows that the appeal remains pending as of the date of this Order.

Filing a notice of appeal divests the District Court of jurisdiction over a case and vests jurisdiction in the Circuit Court of Appeals until the district court receives the mandate of the court of appeals. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co.*, 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981). The general rule means that a district court has no jurisdiction to rule on a motion for relief from judgment after a timely notice of appeal. If the district court is disposed to

1

grant such relief, it may enter an order so indicating and the appellant may then file a motion to remand. *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993). Because this Court lacks jurisdiction actually to decide the Motion, it makes this provisional decision instead.

Plaintiff brings the Motion under Fed. R. Civ. P. 60(b)(2). That Rule provides "[o]n motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons . . .(2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b)." The motion must be made within a reasonable time and not more than one year after judgment. Here the Motion was made nine days less than one year after judgment.

Plaintiff Martin Jackson brought this action against Defendant International Fiber Corporation, his former employer, complaining of racial discrimination in employment under Ohio law only. In granting summary judgment for the Defendant, the Court found that there was no direct evidence of racial animus by Defendant and Plaintiff had produced no circumstantial evidence that similarly-situated white employees had received better treatment than Plaintiff in the relevant respect, to wit, being given either temporary disability payments or light duty work under the circumstances in which Plaintiff was denied either of those options and ultimately terminated. (Decision and Order, Doc. No. 38, at 4-6.)

Plaintiff asserts in the instant Motion that "[t]here is now newly-discovered evidence to support Plaintiff's claims that: (1) he should have received disability, (2) his injuries were work-related, and (3) therefore, his ultimate termination from work was wrongful." (Motion, Doc. No. 45, at 7.) As newly-discovered evidence, Plaintiff points to the July 11, 2009, decision by the Ohio Industrial Commission that Plaintiff suffered a work-related injury on November 15, 2000, while employed by Defendant (Ex. B to Motion, Doc. No. 45). As a result of this new evidence, Plaintiff asks the Court "to vacate its decision and allow Plaintiff the opportunity to perform discovery to

look into the treatment of other employees of Defendant and see if similarly-situated non-minority employees were granted these benefits." (Motion, Doc. No. 45, at 9.)

Plaintiff's Motion is without merit for two reasons. First of all, the evidence on which Plaintiff relies – the decision of the Industrial Commission – came into existence after the judgment in this case. To qualify as newly-discovered evidence under Fed. R. Civ. P. 60(b)(2), the evidence must have been in existence at the time of trial or decision on the motion for summary judgment. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §259 and cases cited at n. 4, particularly *Rivera v. M/T Fosarina*, 840 F.2d 152 (1st Cir. 1988).

Secondly, the evidence relied upon is irrelevant to the basis for the Court's summary judgment decision. The Court did not decide the case upon any finding that Plaintiff's injuries were not work-related. Instead, the premise of the decision was that, even assuming there were work-related injuries, Plaintiff had produced no evidence that similarly-situated (i.e., with similar injury claims) white employees had been granted the benefits which Plaintiff was denied.

The only issue before this Court on summary judgment was whether Plaintiff could show a prima facie case of racial discrimination. The new evidence does not enable Plaintiff to make such a showing. In fact, Plaintiff seeks relief from judgment so that he can do discovery in an attempt to make that showing.

If the Court had jurisdiction to decide the Motion to Vacate, the Motion would be denied.
January 8, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge