# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MARTIN JACKSON,

      Plaintiff,                  :         Case No. 3:07-cv-391

    -vs-                                   Magistrate Judge Michael R. Merz

                                :

INTERNATIONAL FIBER
 CORPORATION,

      Defendant.

## DECISION AND ORDER DENYING PLAINTIFF'S MOTION TO VACATE JUDGMENT

This case is before the Court on Plaintiff's Motion to Vacate under Fed. R. Civ. P. 60(b)(6) (Doc. No. 49). Although a motion for relief from judgment is classified as dispositive under the Magistrate's Act, the parties unanimously consented to plenary magistrate judge jurisdiction in this case. (Rule 26(f) Report, Doc. No. 9.)

The Court entered judgment in this case on January 16, 2009, granting Defendant's Motion for Summary Judgment (Doc. No. 39). Plaintiff appealed and the Sixth Circuit affirmed. *Jackson v. International Fiber Corp.*, 2010 U.S. App. LEXIS 18706 (6th Cir. Sept. 3, 2010).

Fed. R. Civ. P. 60 reads in pertinent part:

> On motion and upon such terms as are just, the court may relieve a party or a party's representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior

1

>judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, or proceeding was entered or taken.

Plaintiff brings this Motion under Fed. R. Civ. P. 60(b)(6). Relief should be granted under Rule 60(b)(6) only in unusual circumstances where principles of equity mandate relief, *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990), and the district court's discretion under 60(b)(6) is particularly broad. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *McDowell v. Dynamics Corp.*, 931 F.2d 380, 383 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Relief is warranted only in exceptional or extraordinary circumstances not addressed by the other numbered clauses of Rule 60. *Johnson v. Dellatifa,* 357 F.3d 539 (6th Cir. 2004); *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Furthermore, this provision and other provisions of Rule 60(b) are mutually exclusive; that is, if the reason offered for relief from judgment could be considered under one of the more specific clauses of Rule 60(b)(1)-(5), then relief cannot be granted under Rule 60(b)(6). *Abdur'Rahman v. Bell (In re Abdur'Rahman)*, 392 F.3d 174, 183 (6th Cir., 2004)(en banc), citing *Liljeberg v. Health Svcs. Acquisition Corp.*, 486 U.S. 847, 863 & n.11 (1988).

Plaintiff argues that he was prevented from filing a Rule 60(b) motion by the pendency of his appeal (Motion, Doc. No. 49, PageID 549). Plaintiff cites only Ohio cases to that effect, but it is correct that a district court loses jurisdiction to rule on a Rule 60(b) motion when an appeal is pending. *Marrese v. American Academy of Osteopathic Surgeons,* 470 U.S. 373 (1985); *Pickens v. Howes,* 549 F.3d 377, 381 (6th Cir. 2008); *Pittock v. Otis Elevator Co*., 8 F.3d 325, 327 (6th Cir. 1993); *Lewis v. Alexander*, 987 F.2d 392, 394 (6th Cir. 1993); *Cochran v. Birkel,* 651 F.2d 1219, 1221 (6th Cir. 1981).

What Plaintiff does not acknowledge in the Motion is that he previously filed a Motion for Relief from Judgment under Fed. R. Civ. P. 60(b)(2) on January 7, 2010, which this Court indicated it would deny if the case were remanded to it (Provisional Decision, Doc. No. 46). In finding that Motion without merit, the Court wrote:

> Plaintiff asserts in the instant Motion that "[t]here is now newly-discovered evidence to support Plaintiff's claims that: (1) he should have received disability, (2) his injuries were work-related, and (3) therefore, his ultimate termination from work was wrongful." (Motion, Doc. No. 45, at 7.) As newly-discovered evidence, Plaintiff points to the July 11, 2009, decision by the Ohio Industrial Commission that Plaintiff suffered a work-related injury on November 15, 2000, while employed by Defendant (Ex. B to Motion, Doc. No. 45). As a result of this new evidence, Plaintiff asks the Court "to vacate its decision and allow Plaintiff the opportunity to perform discovery to look into the treatment of other employees of Defendant and see if similarly-situated non-minority employees were granted these benefits." (Motion, Doc. No. 45, at 9.)
>
> Plaintiff's Motion is without merit for two reasons. First of all, the evidence on which Plaintiff relies – the decision of the Industrial Commission – came into existence after the judgment in this case. To qualify as newly-discovered evidence under Fed. R. Civ. P. 60(b)(2), the evidence must have been in existence at the time of trial or decision on the motion for summary judgment. Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d §259 and cases cited at n. 4, particularly *Rivera v. M/T Fosarina*, 840 F.2d 152 (1st Cir. 1988).
>
> Secondly, the evidence relied upon is irrelevant to the basis for the Court's summary judgment decision. The Court did not decide the case upon any finding that Plaintiff's injuries were not work-related. Instead, the premise of the decision was that, even assuming there were work-related injuries, Plaintiff had produced no evidence that similarly-situated (i.e., with similar injury claims) white employees had been granted the benefits which Plaintiff was denied.
>
> The only issue before this Court on summary judgment was whether Plaintiff could show a prima facie case of racial discrimination. The new evidence does not enable Plaintiff to make such a showing. In fact, Plaintiff seeks relief from judgment so that he can do discovery in an attempt to make that showing.

*Id.* at PageID 529-530.

The only apparent difference between Plaintiff's two Fed. R. Civ. P. 60(b) motions in terms of support is that Plaintiff's workers' compensation claim has now been even more finally decided in his favor. That evidence is just as irrelevant to the Court's summary judgment decision now as it would have been had it existed and been presented at the time the summary judgment motion was decided. That is, the Court assumed that Plaintiff's injuries were work-related, but dismissed his case because he had no proof that his employer had granted more favorable treatment to non-minority employees.

In the meantime, however, the Court of Appeals has decided the case, holding in part:

> We hold that Plaintiff failed to meet his evidentiary burden under the fourth element of the *McDonnell Douglas* prima facie case. The employees to whom Plaintiff points as comparable non-protected persons that were treated better are white female coworkers Mses. Kitchen and Mullin. The district court correctly held that Defendant was entitled to summary judgment because Plaintiff failed to establish that he was similarly situated to Kitchen and Mullin and thus did not establish a prima facie case of racial discrimination based on circumstantial evidence. Plaintiff was not sufficiently comparable to Kitchen and Mullin because it is undisputed that any acts of accommodation of them, assuming they occurred, were done by the prior employer, Fiber Sales Corporation, and not by Defendant.

*Jackson v. Int'l Fiber Corp.*, 2010 U.S. App. LEXIS 18706 *14-15 (6th Cir. Sept. 3, 2010). The evidence Plaintiff presents to justify Fed. R. Civ. P. 60(b)(6) relief is not pre-existing evidence sufficient to satisfy the fourth element of *McDonnell Douglas*. That is the evidence Plaintiff would have needed to defeat Defendant's Motion for Summary Judgment.

Essentially Plaintiff concedes that his new evidence is insufficient because he does not contend he can defeat the summary judgment motion on the basis of this new ruling from the workers' compensation system. Instead, after the judgment is reopened, he wants the Court to "allow Plaintiff the opportunity to perform discovery to look into the treatment of other employees of Defendant and see if similarly-situated non-minority employees were granted these benefits."

4

(Motion, Doc. No. 49, PageID 551). But the question of whether this Court had granted Plaintiff enough time to pursue discovery was also before the Court of Appeals, which held:

> We hold the trial court did not abuse its discretion in granting in part and denying in part the Rule 56(f) motion. "[Rule 56(f)] will not be applied to aid a party who has been lazy or dilatory. . . . [A] request for relief under Rule 56(f) is extremely unlikely to succeed when the party seeking the delay has failed to take advantage of discovery." 10B Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure Civil § 2741, at 429-31 (3d ed. 1998); see also *Williams v. Vilsack*, 620 F.Supp.2d 40, 51 (D.D.C. 2009) ("the fact that Plaintiffs . . . have now switched counsel, provides no basis to reopen discovery. If that were not the case, every plaintiff . . . whose counsel failed to pursue appropriate discovery would simply switch counsel and seek to reopen discovery pursuant to Rule 56(f). In short, the position in which Plaintiffs now find themselves is a product of their own choices and those of their counsel."). After eight months of discovery, the district court's decision to deny in part Plaintiff's Rule 56(f) motion for additional discovery hardly amounted to an abuse of discretion, especially where, as here, Plaintiff did not comply with the trial court's order to disclose what efforts he had previously made to obtain the desired discovery.

*Jackson v. Int'l Fiber Corp.*, 2010 U.S. App. LEXIS 18706 *10-11 (6th Cir. Sept. 3, 2010).

It has now been almost two years since the Court granted Defendant's Motion for Summary Judgment. But even now Plaintiff does not suggest the identity of any similarly-situated non-minority employees of Defendant who might have been given better treatment than he was. In other words, any new discovery would have to start with something like an interrogatory to Defendant to ask for the identity of any non-minority employee who was given light duty or temporary disability and not discharged for failure to abide by the Defendant's attendance policy. Plaintiff offers no suggestion why that relatively obvious interrogatory could not have been posed during the discovery that was granted in this case, including the extensions.

The Motion to Vacate the Judgment is denied.

December 23, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge
